[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY CUSTODY
On December 8, 1992, sole custody of the parties minor son Tyler (now five (5) years of age), was awarded to the plaintiff. The defendant mother was granted supervised visitation in accordance with a schedule detailed in the Court's order.
The order of December 8, 1992 provided, inter alia, that: "Defendant-mother's visitation schedule is not to be expanded beyond supervised until she presents to the Court proper evidence from experts and/or professionals via report or testimony in court with everyone present that visitations should be expanded to unsupervised visitation. Defendant-mother is to continue with psychiatric evaluation as per the November 17, 1992 order and agreement of the parties. CT Page 5452
The defendant claims that she is in compliance with the Court order of December 8, 1992, but asks not for expanded or unsupervised visitation, instead seeks to have custody of Tyler ordered to her.
At the hearing, the defendant offered the testimony of Dr. Maxine Cartwright. Dr. Cartwright has an M.D. degree from the University of Connecticut Medical School (1987), did internships at St. Francis Hospital and the Institute of Living in Hartford.
Although she has treated children and family disorders psychiatrically in the past, she has only been involved in one prior disputed custody case. Based on one session of approximately forty-five (45) minutes with the mother and Tyler, she concluded that the defendant has good parenting skills, that Tyler is bonded to his mother and that, in her opinion, the defendant should be the custodial parent.
She did not interview the plaintiff, although she conceded that would be helpful, she has no knowledge about prior Court orders, or why they were entered, or why the Court ordered supervised visitation. Much of her opinion was based on information provided to her by the defendant who told her that her previous attorney was bought off by the plaintiff's family and undermined the defendant's efforts to obtain custody.
Without these concerns being addressed, the Court has serious questions about the solidness of the foundation upon which this witness's opinion testimony rests.
The defendant testified that she sees a doctor on a weekly basis for anxiety and stress, and that she has seen multiple psychiatrists or psychologists since December. None, however, was offered as a witness, nor were any medical reports from any physician offered by the defendant.
The Court had the opportunity to observe the defendant during the hearing. It was clear from her abnormally nervous behavior that she does suffer from conditions of stress and high anxiety. Although she stated she had taken tranquilizers prior to coming to court, her acute distress was obvious. CT Page 5453
The attorney for the minor child presented expert testimony from Lynn Webber-Hollerman, an expert in child and family relations. Mrs. Webber-Hollerman, supervised the defendant's visits from December 1992, to March 1993. In March she became uncomfortable both for her safety and that of Tyler because of signs which troubled her, such as noting that the defendant's apartment was packed up (with no explanation) and on one of the last visits Tyler wanted to call his father twice, (which was novel behavior for him) to be sure has father was still there. In any event she declined to further supervise the visits and more recently the defendant has been using Fr. Leo Almendra, pastor of St. Phillip's Church in Ashford. Fr. "Leo" has supervised two visits and testified that both were joyful and appropriate visits.
The attorney for the minor child also introduced a report from Janit P. Romayko, the clinical social worker supervisor for the town of Mansfield (Exhibit A). That report, dated June 1, 1993, as it pertains to the issues in dispute, is disturbing and a further indication that the defendant's motion for custody should not be granted, as not being in the best interest of the child, Seymour v. Seymour,180 Conn. 705 (1980).
In summary, the defendant has failed to prove that the best interests of the minor child require a change in custody. And while she did not specifically request an expanded visitation, the evidence does not warrant a removal of the requirement for supervised visitation. The defendant has failed to show compliance with the orders entered on December 8, 1992. Her testimony that she sees a psychiatrist or psychologist on a regular basis is, without, a report from the doctor, not very probative as to whether visitation should be expanded.
Accordingly, the Motion to Modify Custody is denied.